IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DWIGHT KEITH SMITH,         )
                                          )
        Petitioner,            )
                                          )
v.                                    )    ACTION NO. 1:04cv774 (GBL/TCB)
                                        )
GENE M. JOHNSON,         )
                                        )
        Respondent.      )

<u>MEMORANDUM OPINION</u>

This <u>pro</u> <u>se</u> matter is before the Court on petitioner Dwight Keith Smith's Petition for a

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  This case concerns the constitutionality

of Mr. Smith's two 1996 convictions for consensual sodomy in light of the United States

Supreme Court's decision in <u>Lawrence v. Texas</u>, 539 U.S. 553 (2003), in which the Court

recognized a constitutional right for two adults, acting in private, to engage in consensual sexual

behavior.  Mr. Smith is currently released on parole but involuntarily committed to the Virginia

Center for Behavioral Rehabilitation in Petersburg, Virginia under the Commonwealth's sexually

violent predator statutes.  His parole stems from the convictions at issue in this petition.  After

the <u>Lawrence</u> decision, Mr. Smith filed a Petition for Writ of Habeas Corpus with the Supreme

Court of Virginia, which dismissed the petition as untimely.  Because the Supreme Court of

Virginia dismissed Mr. Smith's petition without reaching the merits of the case, the issue before

this Court is whether the United States Supreme Court's decision in <u>Lawrence</u> renders Mr.

---

[1] The Respondent has filed a Motion to Dismiss and Rule 5 Answer, as well as two supplemental briefs as directed by the Court.  Mr. Smith was given the opportunity to file responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), but has not done so.

Smith's state convictions unconstitutional.

Mr. Smith argues that in the <u>Lawrence</u> decision, the United States Supreme Court removed from the states the power to criminalize private, consensual sodomy between two adults, thereby rendering his convictions void as unconstitutional. Although both parties seem to agree on the underlying facts of this case, the Respondent raises several procedural arguments as to why this Court is barred from considering this petition, including the federal statute of limitations, state procedural bar, and Mr. Smith's prior guilty plea. The Court finds that none of these procedural arguments prevent full consideration of this petition on the merits, and the failure to consider Mr. Smith's petition would constitute a fundamental miscarriage of justice. In addition, it is clear that <u>Lawrence</u> is applicable to the facts of this case and as such Mr. Smith's convictions for consensual sodomy were an unconstitutional violation of his rights. Because the Court holds that Mr. Smith's conviction violated his rights under the federal Constitution, the Court grants Mr. Smith a writ of habeas corpus.

# I.

The relevant facts of this petition do not appear to be in dispute.[2] Mr. Smith met William Joseph Hampton while both were working in a local grocery in Winchester, Virginia. Between September 10, 1996 and October 21, 1996, Messrs. Smith and Hampton engaged in various sexual acts with each other at Mr. Smith's private apartment in Strasburg, Virginia. Their acts

---

[2] The facts are based on the transcript from Mr. Smith's guilty plea hearing on March 27, 1996. The Commonwealth was unable to provide additional facts outside of the transcript because the original prosecutor's file and police reports from the Commonwealth's Attorney's Office and the Town of Strasburg Police Department has already destroyed the files from 1995-96 cases.

were part of a continuing, friendly, and consensual relationship.  For reasons unclear from the submitted record, Mr. Smith was subsequently separately indicted for three counts of forcible sodomy against Mr. Hampton.  On February 9, 1996, a jury found Mr. Smith not guilty of the first count of forcible sodomy after it became apparent that the forcible nature of the crime was fabricated by the key witness.  Subsequently, the Commonwealth moved, without objection, to amend the remaining two indictments against Mr. Smith from forcible sodomy, Virginia Code § 18.2-67.2, to consensual sodomy, Virginia Code § 18.2-361(A), in exchange for Mr. Smith's guilty plea .  After entering his guilty plea, Mr. Smith was convicted of two counts of consensual sodomy on May 24, 1996 in the Circuit Court of Shenandoah County, and sentenced to ten years imprisonment, with four years suspended.  Commonwealth v. Smith, Nos. CR95-231, CR95-232 (Va. Cir. Ct. May 24, 1996).  Mr. Smith filed no direct appeal from his convictions.

On January 15, 2004,[3] Mr. Smith filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming that his original convictions were unconstitutional in light of the United States Supreme Court's intervening decision in Lawrence.  The Supreme Court of Virginia dismissed the petition under the state statute of limitations, Virginia Code § 8.01-654(A)(2), on March 16, 2004, without reaching the merits of Mr. Smith's claim.  Smith v. Dir. of the Dep't of Corr., No. 04-0122 (Va. Mar. 16, 2004).  On June 22, 2004,[4] Mr. Smith filed the

---

[3] For purposes of calculating the filing date of an inmate's petition in Virginia court, a petition is deemed filed when deposited in the institution's mail system with pre-paid postage by the date of (1) an official institution date stamp, (2) an official postmark date, or (3) a notarized statement signed by an official at the time of filing.  See Va. Sup. Ct. R. 5:5(c).

[4] For purposes of calculating the statute of limitations, a petition is deemed filed in federal court when the prisoner delivers his pleading to prison officials.  Lewis v. City of Richmond Police Dep't, 947 F.2d 733, 735-36 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).  As it happens, the record here reflects that petitioner signed his petition on

instant federal habeas corpus petition, raising the same constitutional claim under <u>Lawrence</u> he raised in his state habeas petition.

On November 3, 2004, Mr. Smith was paroled from these convictions. Before his completion of his term of incarceration, Mr. Smith was involuntarily committed to the Virginia Center for Behavioral Rehabilitation following a civil commitment hearing in the Circuit Court for the City of Winchester, where he was found to be a sexually violent predator under Virginia Code §§ 37.1-70.1 to 37.1-70.19. <u>Kilgore ex rel Commonwealth of Virginia v. Smith</u>, Law Case No. 04-01 (Va. Cir. Ct. Oct. 22, 2004). The court order from his civil commitment hearing refers only to Mr. Smith's 1987 conviction for forcible sodomy in the Winchester Circuit Court, therefore, the extent to which the convictions challenged herein relate to his current involuntary detention remains unclear. Nonetheless, the instant petition was filed before the civil commitment hearing and Mr. Smith does not challenge his detention as a sexually violent predator. Thus, Mr. Smith's current detention resulting from the civil commitment hearing is not affected by the result reached here, and the instant petition does not entitle Mr. Smith to release from his current detention, rather only relief from the restraints imposed by his conditions of parole.[5]

_____

June 22, 2004, but it does not disclose the date on which the pleading was delivered to prison officials.

[5] At this time there is no dispute between the parties as to whether Mr. Smith is properly "in custody" and under this Court's jurisdiction for the purposes of 28 U.S.C. § 2254(a) as he is currently on parole for the now-challenged convictions. <u>See</u> Jones v. Cunningham, 371 U.S. 236, 238-241 (1963). The Court notes that this petition is not moot despite Mr. Smith's release from the challenges convictions because he is attacking the validity of these convictions, <u>see</u> <u>Lane v. Williams</u>, 455 U.S. 624 (1982). Additionally, there are "collateral consequences" surviving his completed sentence, namely his conditions of parole, <u>Jones</u>, 371 U.S. at 241-42, and his placement on the Commonwealth's Sex Offender Registry as a result of the challenged

## II.

Several procedural matters must be addressed and resolved before Mr. Smith's claim can be addressed on the merits.  Respondent raises the federal statute of limitations, a state procedural bar, and Mr. Smith's guilty plea as reasons why the Court cannot address this petition on the merits.  While not raised, two other issues— retroactivity and state exhaustion—also require brief attention by the Court.

### A. New Rule Retroactivity

With limited exceptions, new constitutional rules of criminal procedure may not be applied retroactively to habeas corpus petitioners.  See Teague v. Lane, 489 U.S. 288, 316 (1989).  The retroactivity analysis required by Teague to determine if a new rule can be retroactively applied is not jurisdictional and can be waived by the state's failure to raise the issue.  See Caspari v. Bohlen, 510 U.S. 383, 389-90 (1994); Williams v. Dixon, 961 F.2d 448, 456-59 (4th Cir. 1992) (treating Teague retroactivity analysis as an affirmative defense that must be asserted in district court or else it is waived).  Respondent has not asserted Teague retroactivity as a defense, and thus, it is waived.  Therefore, even though Mr. Smith relies on a new rule of constitutional criminal law from Lawrence that was not available at the time of his

---

convictions (http://sex-offender.vsp.state.va.us/), see Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968); see also Lawrence, 539 U.S. at 560 (discussing the continued "stigma" from consensual sodomy convictions including registration as a sex offender).

conviction, this will not bar this Court's consideration of the petition on the merits.[6]

### B. Federal Statute of Limitations

Because Mr. Smith relies on a newly recognized constitutional right, the date of calculating the federal statute of limitations must begin on this later date. As required by 28 U.S.C. § 2244(d), a federal district court must dismiss any petition for a writ of habeas corpus filed later than one year after: (1) the date judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The Respondent maintains that Mr. Smith is time-barred from bringing the instant petition under the federal statute of limitations because he was convicted in 1996, or about eight years before filing his federal habeas petition.

The Respondent is incorrect in its starting point. Mr. Smith correctly argues that his date calculation should begin from the date the United States Supreme Court recognized the constitutional liberty right asserted in Lawrence, and not, as the Respondent argues, at the time his state convictions became final. The United States Supreme Court first recognized in the 2003 Lawrence decision that there is a constitutional right for two consenting adults, regardless of sex,

---

[6] The Court notes that even if the Respondent had not waived this defense, Lawrence would still be retroactive to Mr. Smith's petition under the first exception to the Teague doctrine, allowing retroactive application of new constitutional rules decriminalizing a class of conduct or prohibiting a category of punishment for a class of defendants because of their status of offense. See Penry v. Lynaugh, 492 U.S. 302, 329-30 (1989); see also Anderson v. Morrow, 371 F.3d 1027, 1032-33 (9th Cir. 2004) (agreeing that Lawrence created a new rule under Teague and a proper candidate for the first exception, but not applying retroactivity to the conduct in question because consent between the parties was in doubt and therefore conduct not covered by Lawrence).

to engage in private, consensual, sexual behavior.[7]  See 539 U.S. at 578.  Therefore, the issue

before the Court is whether Mr. Smith filed the instant petition for a writ of habeas corpus within

one-year of June 26, 2003, or the date the United States Supreme Court first recognized the right

now asserted.  See 28 U.S.C. § 2244(d)(C).  In calculating the one-year period, however, the

Court must exclude the time during which state collateral proceedings pursued by petitioner were

pending.  See 28 U.S.C. § 2254(d)(2).

Mr. Smith filed his state habeas petition on January 15, 2004, or 203 days after the United

States Supreme Court announced the Lawrence decision on June 26, 2003.  His state habeas

petition was dismissed on March 16, 2004, and became final on June 14, 2004, the last date Mr.

Smith could have petitioned the Supreme Court of the United States for a writ of certiorari.[8]  He

filed the instant petition as early as June 22, 2004.[9]  Therefore, eight days passed and were not

tolled between when the dismissal of his state habeas petition became finale and the filing of the

instant petition.  The two periods combined total 211 days, or 154 days less than one year.

Therefore, it is clear that Mr. Smith's petition was filed timely and is not barred by the one-year

statute of limitations imposed by 28 U.S.C. § 2244(d).

## C. Exhaustion

---

[7] Moreover, at the time Mr. Smith's conviction became final United States Supreme
Court precedent clearly supported the constitutionality of the statute under which he was
convicted.  See Bowers v. Hardwick, 478 U.S. 186 (1986) (finding no constitutional protection
for private, consensual, same-sex, sexual acts between two adults).

[8] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within ninety days of the
entry of judgment by a state court of last resort).

[9] See supra note 4.

In reviewing a petition under 28 U.S.C. § 2254, a federal court must also determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default.  Prior to filing a petition for federal habeas review, a petitioner must exhaust his state remedies by fairly presenting the substance of the claim to the state's highest court.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  In the instant case, the Respondent concedes, and the record supports, that Mr. Smith has exhausted his claim before the Supreme Court of Virginia.

## D. State Procedural Default

Even when a petitioner has exhausted his claim, a federal court may still be barred from considering the claim where the state court relied on an independent and adequate a state procedural rule to deny relief.  See Harris v. Reed, 489 U.S. 255, 262 (1989); Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977).  A petitioner may nonetheless overcome a procedural default and have his claim addressed on the merits, by showing either cause and prejudice for the default, or that a fundamental miscarriage of justice would result from the lack of such review.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).  The "fundamental miscarriage of justice" exception usually turns on a claim of actual innocense by the petitioner,[10] see Carrier, 477 U.S. at 496, but may also be used to overcome a lack of "cause" and "actual prejudice" as

---

[10] See also Carrier, 477 U.S. at 495-96 ("Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

these "are not rigid concepts; they take their meaning from the principles of comity and finality . . . , [and in] appropriate cases those principles must yield to the imperative of correcting a fundamentally unjust incarceration." Engle, 456 U.S. at 135.

**I. Cause.**  In analyzing, the "cause" prong to overcome a procedural default, the Supreme Court has opined that a claim that "'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." Bousley, 523 U.S. at 622 (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).  Here, the Respondent correctly argues that the Supreme Court of Virginia dismissed the instant claim as untimely under the state statute of limitations, Virginia Code § 8.01-654(A)(2), and this procedural bar is ordinarily enforced in this Court. See Weeks v. Angelone, 176 F.3d 249, 273-74 (4th Cir. 1999).  On the other hand, Mr. Smith appears to argue that not reviewing his claim would result in a fundamental miscarriage of justice because he was convicted of "acts beyond the power of the criminal law." See Pet. at 5-6 (citing Ex parte Siebold, 100 U.S. 371, 376-77 (1880)).  While Mr. Smith does not explicitly argue cause or prejudice, his petition does suggest that he was unable to bring this constitutional claim before Lawrence was decided because his counsel advised him that such an argument would have been "hopeless." Pet. at 7.

In response to Mr. Smith's futility argument, the Respondent's argument for lack of cause hinges on the notion that Mr. Smith had no impediment to raising the instant constitutional challenge before the state statute of limitations ran, and that the instant claim was both factually and legally available to Smith within the same period.  More specifically, the Respondent argues that Mr. Smith's constitutional claim was neither novel nor futile before the Lawrence decision, therefore any delay in bringing the claim cannot constitute cause. See Resp. Supplemental Br. at

5 (citing Bousley, 523 U.S. at 622) ("[F]utility cannot constitute cause if it means simply that a claim was unacceptable to the particular court at that particular time.") (citing Engle, 456 U.S. at 130 n.35)).

The Respondent is incorrect in his arguments against cause.  Under the Respondent's reasoning, Mr. Smith's instant claim is novel to the extent it was not "reasonably available to counsel" in 1996 and is a proper basis for finding cause.  The Respondent's discussion of Bousley and Engle, as illustrations of futility failing to serve as a basis to find cause, are sufficiently and distinctively different from the situation presented in Mr. Smith's case.  Neither petitioners in Bousley or Engle had a clear pronouncement from the United States Supreme Court explicitly declaring their claims were futile.  On the other hand, the Supreme Court previously made such a pronouncement as to the constitutional claim Mr. Smith now raises.  In its 1986 decision in Bowers v. Hardwick, the Supreme Court held that there was no constitutional right for two consenting adults to engage privately in same-sex sodomy.  478 U.S. 186, 190-96 (1986).  Bowers remained the binding authority on all courts, federal and state, for any federal constitutional claims as to private, consensual, same-sex, sexual acts between two adults.  In fact, the only reason why Mr. Smith is able to make his claim today is because the Supreme Court explicitly overruled Bowers in its 2003 Lawrence decision.[11]  Additionally, while the Respondent appropriately notes that someone eventually had to challenge Bowers otherwise

_____

[11] In Lawrence the defendants petitioned the United States Supreme Court to grant certiorari from the Texas Court of Appeals's denial of the federal constitutional challenge to the Texas consensual sodomy statute.  See Lawrence v. Texas, 41 S.W.3d 349 (Tex. App. 2001).  In granting certiorari, the Supreme Court agreed to revisit explicitly the Bowers decision as well as two constitutional claims under the Fourteenth Amendment.  See Lawrence v. Texas, 537 U.S. 1044 (2002) (No. 02-102) (granting certiorari); Petition for a Writ of Cert., Lawrence v. Texas, 2002 WL 32101039 (U.S. July 16, 2002) (No. 02-102).

Lawrence could never have happened, it logically follows from this argument that for Mr. Smith

to demonstrate a lack of futility of filing his constitutional claim within the requisite time,

Respondent expected every person, in every relevant jurisdiction to challenge the

constitutionality of their respective state consensual sodomy law over the seventeen years

between deciding Bowers and overturning the same decision.  Such an expectation of Mr. Smith

is unreasonable considering the Supreme Court declared in Bowers that his constitutional claim

was without merit.[12]

Finally, the Respondent directs the Court to the Supreme Court of Virginia's decision

sustaining the constitutionality of Virginia Code § 18.2-361 in DePriest v. Virginia, 537 S.E.2d 1

(2000), which began well before the statute of limitations ran on Mr. Smith's ability to file a state

writ of habeas corpus.  See Resp. Supplemental Br. at 4.  The Respondent attempts to argue that

the DePriest decision shows that it would not have been futile for Mr. Smith to bring his

constitutional claim because someone else, namely the defendants in DePriest, brought a similar

constitutional claim around the time Mr. Smith could have filed a timely state habeas petition.  A

cursory review of the DePriest decision shows facts substantially different from the facts at issue

in Mr. Smith's claim.  In DePriest, the defendants challenged the constitutionality of Virginia

Code § 18.2-361 for their conviction for soliciting male undercover police officers to commit

oral sodomy in a city park.  This case has no bearing on the claim currently before this Court.

---

[12] It is also noteworthy that, according to Mr. Smith, his public defender advised him in
1996 against challenging the constitutionality of Virginia Code § 18.2-361(A) because then-
existing court precedent had already settled the issue.  Pet.'s June 22, 2004 Letter to Court Clerk
Accompanying Petition ("The public defender I had in 1996 advised that it would be futile to
assert that said Code violated the Due Process Clause of the 14th Amendment to the U.S.
Constitution, so I took the plea agreement and made guilty pleas.").

Therefore, as Mr. Smith's instant claim was futile according to clearly established Supreme Court precedent until the <u>Lawrence</u> decision and he promptly filed his claim after <u>Lawrence</u> became law, there is adequate cause to overcome the state procedural default.

    **ii. Prejudice.**  To show prejudice, the petitioner must show more than a "<u>possibility</u> of prejudice" by any errors, rather he must show that the alleged errors worked to his "<u>actual</u> and substantial disadvantage, infecting [the] entire trial with an error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original).  The evidence of "actual and substantial disadvantage" to Mr. Smith that infected his trial with an "error of constitutional dimensions" is hardly debatable in the instant petition.  His claim is at a minimum a question of the constitutionality of his convicting statute and at most a question of the authority of the Commonwealth of Virginia to subject Mr. Smith to its criminal justice system.  In other words, but for the apparent futility of challenging the constitutionality of the convicting statute, Mr. Smith would never have been haled into Court, let alone convicted.  Therefore, he has shown actual prejudice and satisfied both prongs of the cause and prejudice requirement to overcome the state procedural bar.

    **iii. Miscarriage of Justice.**  Even assuming the Respondent was correct, though, and Mr. Smith lacked cause, it is clear that sustaining the procedural bar against Mr. Smith would result in a fundamental miscarriage of justice.  Mr. Smith's sole claim is that he was convicted of engaging in certain behavior that has since been declared outside of the constitutional scope of the state to criminalize.  To refuse to consider his claim that the state lacked the constitutional power to convict him defeats the primary purpose of federal habeas review: The ability to challenge a state conviction that is in violation of the federal Constitution and law.  <u>See</u> 28

U.S.C. § 2241(c)(3); see also Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4261, at 281-84 (explaining the history of habeas corpus jurisprudence as challenges to the convicting trial court's jurisdiction to convict the prisoner).  The instant case is the precise example of when "the principles of comity and finality" "must yield to the imperative of correcting a fundamentally unjust incarceration" as the Supreme Court proclaimed in Engle. In short, the Court faces a difficult challenge of trying to articulate a greater notion of a fundamental miscarriage of justice than allowing a conviction to stand where the state was without the power to criminalize the behavior at issue.[13]  Therefore, Mr. Smith's claim is not found to be procedurally defaulted and will be considered on the merits.

### E. Guilty Plea

Finally, the Respondent argues that Mr. Smith's guilty plea to the now-challenged convictions waives all non-jurisdictional challenges to his convictions.  Although Mr. Smith is not challenging the validity of his guilty plea, the Respondent correctly states that a voluntary and intelligent plea of guilty may not be collaterally attacked.  See Mabry v. Johnson, 467 U.S. 504, 508 (1984); Parker v. Ross, 470 F.2d 1092, 1092-93 (4th Cir. 1972).  While the Respondent correctly states the law on guilty plea waivers, Mr. Smith is asserting a jurisdictional challenge to his conviction and therefore his claim can be addressed on the merits.

---

[13] While claims of actual innocence under the "miscarriage of justice" rubric are usually based on discovery of exculpatory evidence, e.g., genetic material, such an analysis would not prove fruitful in this case as all parties agree that Mr. Smith engaged in the conduct prohibited under Virginia Code § 18.2-361(A).  However, it is clear that because Mr. Smith's conviction is based on an unconstitutional criminalization of behavior, see infra Part III,  he is both legally and factually innocent of any crime.

Generally a voluntary and intelligent guilty plea generally bars a collateral attack on constitutional deprivations.  See Tollet v. Henderson, 411 U.S. 258, 266-67 (1973); Fields v. Attorney General of Maryland, 956 F.2d 1290, 1294 (4th Cir. 1992).  However, the Blackledge/Menna exception to this rule is that a guilty plea does not bar a constitutional claim that "goes to the very power of the State to bring the defendant into court to answer the charge brought against him."[14]  Blackledge v. Perry, 417 U.S. 21, 29 (1974); see also Menna v. New York, 423 U.S. 61, 62-63 (1975) (finding a guilty plea does not prevent federal review of constitutional claims involving the "right not to be haled into court at all") (quoting Blackledge, 417 U.S. at 29).  Put another way, these excepted "jurisdictional" challenges are those that "stand in the way" of a conviction even if the petitioner is factually guilty.[15]  See Slavek, 359 F. Supp. 2d at 482 (citing Menna, 423 U.S. at 63 n.2).  Moreover, this exception applies only to constitutional claims that are clear on the existing record and require no additional factual evidence.  See United States v. Broce, 488 U.S. 563, 576 (1989).  Therefore, even with a voluntary and intelligent guilty plea, a conviction can be collaterally reviewed if the asserted constitutional claim goes to the power of the state to bring the petitioner into court and the

_____

[14] There is also a second exception to the bar on federal collateral review of a guilty plea "when state law permits a defendant to plead guilty without forfeiting his review to specific constitutional issues."  Lefkowitz v. Newsome, 420 U.S. 283, 293 (1975); see also Slavek v. Hinkle, 359 F. Supp. 2d 473, 482 (E.D. Va. 2005).  The Court does not address the second exception because it is not applicable to the instant claim.

[15] For a listing of cases describing certain challenges to guilty pleas as "jurisdictional, see Slavek, 359 F. Supp. 2d at 482 n.6 (citing United States v. Gonzalez, 85 Fed. Appx. 881, 882 (4th Cir. 2004) (unpublished disposition); United States v. Bunch, 80 Fed. Appx. 846, 847 (4th Cir.2003) (unpublished disposition); United States v. Jones, 916 F. Supp. 558, 564 (E.D. Va.1996) (citing additional cases)).  But see United States v. Baucum, 80 F.3d 539, 542-43 (D.C. Cir. 1996) (expressing some reservation about whether the Blackledge/Menna exception may be described as "jurisdictional").

collateral review does not require proof of any additional factual evidence.

The Blackledge/Menna exception applies here, and Mr. Smith's guilty plea is subject to a collateral review of his constitutional claim in this Court.  Mr. Smith's sole argument in the instant petition is that the Commonwealth of Virginia lacked the authority to convict him of private, consensual, same-sex sodomy with another adult under the federal Constitution.  Such a claim goes directly to the power of the state to bring Mr. Smith into court, and had Lawrence been decided before his conviction, the record before the Court indicates that the Commonwealth would have had no basis to prosecute Mr. Smith for consensual sodomy.  Moreover, Mr. Smith's constitutional claim is clear on the existing record and requires no additional factual evidence, as dictated by Broce.  Thus, Mr. Smith's prior guilty plea does not bar this Court from reviewing the instant claim as Mr. Smith challenges only the authority, or jurisdiction, of the Commonwealth to charge and convict him of the instant offenses.

## III.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that this Court may issue a writ of habeas corpus only if this Court concludes that the state court judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  AEDPA requires that a federal court must defer to a state court's resolution of a claim that has been "adjudicated on the merits.".  See 28 U.S.C. § 2254(d); see, e.g., Monroe v. Angelone, 323 F.3d 286, 297 (4th Cir.

2003); Fullwood v. Lee, 290 F.3d 663, 692 (4th Cir. 2002).  On the other hand, when a state court has not considered a "properly preserved claim" on its merits, the federal court reviews the claim de novo.[16]  Monroe, 323 F.3d at 297 (citing Daniels v. Lee, 316 F.3d 477, 487 (4th Cir. 2003); Cargle v. Mullin, 317 F.3d 1196, 1206 (10th Cir. 2003) ("[AEDPA] applies only when there is an antecedent state court decision on the same matter.")).[17]  Mr. Smith has properly preserved his claim by presenting it to the Supreme Court of Virginia, but the Supreme Court of Virginia did not address Mr. Smith's petition on the merits.[18]  Therefore, we review the petition de novo to determine if Mr. Smith's conviction was contrary to clearly established federal law.[19]

_____

[16] In earlier cases, the Fourth Circuit used "properly presented" to describe claims eligible for de novo review when the state court had not consider the claim on the merits.  See, e.g., Fullwood, 290 F.3d at 692; Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999).

[17] For a more detailed explanation of when courts should use their "independent judgment" and exercise de novo review in situations, such as the instant petition, where any attempt to review the state court's decision would prove futile, see McKenzie v. Mr. Smith, 326 F.3d 721, 726-27 (6th Cir. 2003), citing Hain v. Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002); Cox v. Miller, 296 F.3d 89, 101 (2d Cir. 2002) (noting that habeas claims are either subject to AEDPA standard or reviewed de novo); Moore v. Parke, 148 F.3d 705, 708 (7th Cir. 1998) (reviewing claim de novo once AEDPA deference found to be inappropriate and explaining, in detail, the need for de novo review).

[18] Although the precise distinction between a "properly preserved" petition and a "properly presented" petition has yet to be defined, it is clear that Mr. Smith exhausted his claim before the Supreme Court of Virginia and overcomes the asserted procedural bar under both the "cause and prejudice" and the "miscarriage of justice" exceptions.  See supra Parts II.C, II.D. The Court's prior finding that Mr. Smith fully exhausted his claims and suffers from no procedural bar are applicable to finding he both properly preserved and presented his claim, even though the Supreme Court of Virginia did not adjudicate the matter on the merits.

[19] The Court observes, though, that had it considered the petition on the merits, the Supreme Court of Virginia would likely have found Mr. Smith's conviction unconstitutional in light of the Lawrence decision:

Therefore, applying the reasoning of Lawrence as Martin asks us to do, leads us to conclude that Code § 18.2344 is unconstitutional because by subjecting certain

**A.**

The issue presented in this petition is rather straightforward: Whether petitioner's conviction for private, consensual, same-sex sodomy under Virginia Code § 18.2-361(A) is unconstitutional in light of the United States Supreme Court's decision in <u>Lawrence v. Texas</u>, striking down a state statute criminalizing private, consensual, same-sex sodomy as violating a liberty right secured by the Due Process Clause of the Fourteenth Amendment.  While today's issue is not terribly complicated, it is significant in that there have been few instances where a court has granted habeas relief because subsequent to the petitioner's conviction, the underlying state statute is found unconstitutional, either in full or in application, under the federal Constitution.  <u>See, e.g., Eaton v. Capps</u>, 480 F.2d 1021 (5th Cir. 1971) (death penalty statute held unconstitutional after petitioner's sentencing).  Therefore, a brief discussion is needed to clarify the Court's power to review the federal constitutionality of a state law in the habeas context.

As a preliminary matter, it is clear from 28 U.S.C. § 2254(a) that this Court has the power

---

private sexual conduct between two consenting adults to criminal penalties it infringes on the rights of adults to "engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." [citation omitted]

It is important to note that this case does not involve minors, non-consensual activity, prostitution, or public activity. The <u>Lawrence</u> court indicated that state regulation of that type of activity might support a different result. Our holding, like that of the Supreme Court in <u>Lawrence</u>, addresses only private, consensual conduct between adults and the respective statutes' impact on such conduct. Our holding does not affect the Commonwealth's police power regarding regulation of public fornication, prostitution, or other such crimes.

<u>Martin v. Ziherl</u>, 607 S.E.2d 367, 371 (Va. 2005) (striking down Virginia's anti-fornication criminal statute)

to review whether any aspect of a state conviction violated the federal Constitution.  A more probing look of the relevant case precedent, however, is needed to understand fully the proper role of the federal court.  In reviewing a federal habeas petition, it is the duty of the court "to enforce the right of personal liberty; when that right is denied and a person confined," and if a court finds a violation of a right, the "court has the power to release him" but "cannot revise the state court judgment; it can act only on the body of the petitioner."  Fay v. Noia, 372 U.S. 391, 430-31 (1963) (citing In re Medley, 134 U.S. 160, 173 (1890)).  The writ of habeas corpus is the "fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action" and should "be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected."  Harris v. Nelson, 394 U.S. 286, 290-91 (1969); see also U.S. Const. art. I, § 9, cl. 2; 3 W. Blackstone, Commentaries 131 (Lewis ed. 1902), cited in Harris, 394 U.S. at 286 at 291 n.2.

In considering the constitutionality of a criminal statute, it is self-evident that unconstitutional laws are void and the state can not punish someone for violating a void law.  See Ex parte Siebold, 100 U.S. 371, 376-77 (1879).  As such, the court is within its authority in a habeas corpus proceeding to determine the constitutionality of the statute under which the petitioner is held, and if the statute is unconstitutional, the court may order the petitioner's release.  See, e.g., Minnesota v. Barber, 136 U.S. 313, 329-30 (1890) (writ granted when Minnesota law was void for violating the Article I Interstate Commerce Clause and Article IV Privileges and Immunities Clause); Ex parte Larsen, 233 F. 708, 709-10 (E.D. Va. 1916) (writ granted when Virginia law was "void for repugnancy to the Constitution, laws, or treaty of the United States"); Ex parte McCready, 15 F. Cas. 1345, 1346 (E.D. Va. 1874) (No. 8732) (writ

18

granted when Virginia law was void for violating the Article IV Privileges and Immunities

Clause).  Moreover, in the specific context of reviewing a state statute, federal habeas relief is

only appropriate if the state law in question implicates a federal constitutional issue.  See, e.g.,

Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976); see also Andrews v. Swartz, 156 U.S.

272, 275 (1895) ("The repugnancy of a statute to the constitution of the state by whose legislature

it was enacted cannot authorize a writ of habeas corpus from a court of the United States, unless

the petitioner is in custody by virtue of such statute, and unless, also, the statute is in conflict

with the constitution of the United States.").

In the instant petition, Mr. Smith alleges his conviction under Virginia Code § 18.2-

361(A) is unconstitutional as it conflicts with the United States Supreme Court's decision in

Lawrence v. Texas, 539 U.S. 553 (2003).  More specifically, Mr. Smith alleges that under

Lawrence, the Commonwealth of Virginia cannot criminalize private, consensual, sexual acts

between two adults, regardless of their sex.  Because Mr. Smith was engaged in such behavior,

he argues he is entitled to a writ of habeas corpus.  Although Mr. Smith is challenging his state

conviction, and by implication a state statute, it is clear that Mr. Smith's claim implicates an

issue arising under the federal Constitution, thereby granting this Court the authority to evaluate

the constitutionality of his conviction under Virginia Code § 18.2-361(A).

## B.

The facts in Lawrence closely resemble those in this case: Two adult men were arrested

and convicted for engaging in a consensual sex act in a private residence.  539 U.S. at 562-63.

Before the 2003 Lawrence decision, the standing precedent on this issue was Bowers v.

Hardwick, where the Supreme Court clearly held that there was no constitutional right for two consenting adults to engage privately in same-sex sodomy.  478 U.S. 186, 190-96 (1986).  In deciding Lawrence, the Supreme Court ruled that "Bowers was not correct when it was decided, and it is not correct today," and then expressly overruled the prior decision.  539 U.S. at 578. The Court further recognized that two consenting adults, regardless of their sex, have a constitutional liberty right under the Due Process Clause of the Fourteenth Amendment to engage in private, sexual conduct "without intervention of the government."  Id.  Moreover, the "private individual conduct" of two consenting adults, regardless of their sex, was now "beyond the power of the criminal law-making authority to proscribe," and such statutes create "no legitimate state interest which can justify [the State's] intrusion into the personal and private life of the individual."  Id.  The Court finds no relevant distinction between the circumstances in Lawrence and the circumstances in the instant case.  Both cases involved the private, consensual, sexual conduct between two consenting adults, and as such Mr. Smith's contested conduct is protected under the Fourteenth Amendment.

# IV.

As it stands, the Commonwealth of Virginia lacks the constitutional authority to criminalize Mr. Smith's behavior underlying his convictions, and therefore no proper law exists to criminalize his conduct.  Mr. Smith's protected right to liberty under the Fourteenth Amendment was violated by his convictions for private, consensual sexual behavior with another adult, and a writ of habeas corpus shall issue on his behalf.  Accordingly, the Court holds that Mr. Smith's convictions for consensual sodomy are unconstitutional and entitled to relief under

28 U.S.C. § 2254 because Virginia Code § 18.2-361(A), as applied in this case, is contrary to the clearly established federal law articulated in <u>Lawrence</u>.

 The remaining issue before the Court, then, is what relief should we grant to petitioner. Under the relevant statute, this Court is commanded to "dispose of the matter as law and justice require," granting the Court the ability to fashion an appropriate remedy, suitably tailored to the facts of the case presented.  28 U.S.C. § 2243.  Outright release from custody is appropriate if the original trial court could not correct the defects identified by this Court, such as when the petitioner is held in violation of the Constitution or laws of the United States.  <u>See</u> <u>Cunningham v. Neagle</u>, 135 U.S. 1, 40-41 (1890).  However, such relief would not be appropriate if the petitioner has been paroled after filing a habeas corpus petition.  <u>See</u> <u>Jones v. Cunningham</u>, 371 U.S. 236, 237-38 (1963).  In the case of a subsequently paroled petitioner, it is proper for a court to relieve the petitioner of the restraints imposed by the parole conditions.  <u>See</u> <u>id.</u> at 241-43.

 As already discussed, <u>see</u> <u>supra</u> Part I, release from his current detention would be inappropriate in this case in light of Mr. Smith's civil commitment.  Thus, the writ is granted to the extent necessary to declare Mr. Smith's convictions contrary to the federal Constitution and release him from any restraints imposed by his parole conditions.  An appropriate Order shall issue.


ENTERED this  20th  day of JUNE, 2005.   _____/s/_____
Alexandria, Virginia       Gerald Bruce Lee
            United States District Judge